**GT GreenbergTraurig**

Joseph J. Mamounas
Tel. (305) 579-0521
Fax (305) 579-0717
mamounasj@gtlaw.com

July 7, 2022

**VIA ECF**

The Honorable Hector Gonzalez
U.S. District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Pasha Probiv v. PayCargo et al.*, Case No. 1:22-cv-02907-HG-JRC.

Dear Judge Gonzalez:

As counsel for PayCargo, LLC ("PayCargo"), Eduardo Del Riego ("Del Riego"), and Jason Weber ("Weber") (collectively, "Defendants"), we write to request a pre-motion conference in connection with Defendants' planned motion to dismiss the claims of Plaintiff, Pasha Probiv ("Plaintiff"). Defendants seek to dismiss the Complaint ("Compl.") or transfer it to the U.S. District Court for the Southern District of Florida (the "S.D. Fl.") for the following reasons:

**I.    Dismissal and/or Transfer Under Fed. R. Civ. P. 12(b)(2) and 12(b)(3)**

1.    The Court lacks personal jurisdiction over Plaintiffs' claims in Counts 1 through 7. PayCargo is a Delaware limited liability company with its principal place of business in Coral Gables, Florida. Del Riego and Weber are individuals who at all material times have resided in Miami-Dade County, Florida. As non-residents, Defendants are not subject to the jurisdiction of a New York court absent allegations of general or specific jurisdiction sufficient to meet constitutional muster. Completely absent from the Complaint is any mention – let alone plausible allegations – of either specific or general jurisdiction. Failure to meet this initial burden to plead facts which establish jurisdiction is grounds alone for dismissal.

2.    The action should be dismissed because venue is improper in the Eastern District of New York ("District"). At all times material, Defendants have not resided in this District. Nor does the Complaint allege that a substantial part of the events giving rise to the claims occurred in this District. *See* 28 U.S.C §1391. With respect to all of Plaintiffs' claims, Defendants never agreed to venue in this District. Plaintiff contends that venue is proper here because Defendants' "unlawful acts . . . caused a significant amount of harm . . . upon Plaintiff and Plaintiff's business in this Court's jurisdiction." Compl. ¶ 11. Unfortunately for Plaintiff, the location of his residence is irrelevant in determining venue.

3.    Alternatively, if the Court is disinclined to dismiss the action outright based upon improper venue, the action should be transferred to the S.D. Fl. because that court is a more convenient forum. This is because most if not all of the evidence and witnesses are located in the S.D.

Hon. Hector Gonzalez, U.S. District Judge
July 7, 2022
Page 2

Fl., and a substantial part of the events giving rise to the claims occurred there – (a) the pre-suit "Demand Letter" and the "Sham Draft Lawsuit" served on Plaintiff were prepared in the S.D. Fl. by a Florida law firm, (Compl. ¶ 17 & Exs. B., C.), and (b) the "Malicious Action" which Plaintiff admits was filed in the S.D.Fl., (Compl. ¶ 21), was prepared in the S.D. Fl. by a Florida law firm. Moreover, the S.D. Fl. is an alternative court that can provide an adequate remedy.

4.      On or about July 13, 2017, Paycargo and Plaintiff executed a Non-Disclosure Agreement for Consultant ("NDA"). To the extent Plaintiff's claims arise from the NDA, they must be dismissed as they are subject to mandatory arbitration before the American Arbitration Association as provided in paragraph 14 of the NDA.

## II.     Dismissal Under Fed. R. Civ. P 12(b)(6)

1.      Counts 1 through 7 should be dismissed because Plaintiff was required to assert them as compulsory counterclaims to PayCargo's prior-filed lawsuit against Plaintiff in the S.D. Fl., *PayCargo v. Galbreath*, Case No. 20-cv-22885-KMW (the "Florida Litigation"). *See* Fed. R. Civ. P. 13. In the Florida Litigation, PayCargo sued Plaintiff and CargoSprint, LLC ("CargoSprint") (one of PayCargo's competitors) alleging (among other things) that following PayCargo's termination of Plaintiff's employment, Plaintiff misappropriated PayCargo's trade secrets and improperly utilized that information to develop CargoSprint's competing payment platform. Through the instant suit, Plaintiff denies that he misappropriated PayCargo's trade secrets and contends that the Florida Litigation was a sham lawsuit that lacked any merit and contained numerous false allegations. Because there undoubtedly exists a "logical relationship" between Plaintiff's sham litigation claims here and the issues addressed by the Florida Litigation, Plaintiff was required to assert his claims asserted in this case as compulsory counterclaims in the Florida Litigation. Plaintiff's failure to do so warrants dismissal of the instant suit.

2.      Counts 1 through 7 are all premised upon Defendants' conduct allegedly committed in pursuit of Defendants' legal remedies through the Florida Litigation. Accordingly, the claims are barred by Florida's litigation privilege and must be dismissed.

3.      Under the *Noerr-Pennington* Immunity Doctrine, litigation as well as concerted efforts incident to litigation may not serve as a basis for a claim. Plaintiff's claims, which are premised entirely upon Defendants' service of the pre-suit Demand Letter and Sham Draft Lawsuit and the filing of the Florida Litigation, are barred by the *Noerr-Pennington* Doctrine.

4.      Count 1 (Federal RICO) fails to state a claim because Plaintiff fails to allege any substantive RICO violation. Indeed, completely absent from the Complaint is any allegation identifying what provision of 18 U.S.C. § 1962 (the "RICO Statute") purportedly was violated or any other "racketeering activity" as defined by 18 U.S.C. § 1961. Even if the Florida Litigation were "frivolous" or "meritless" (it was not), courts have held that frivolous litigation cannot constitute a predicate RICO act. Count 1 also fails to state a claim because Plaintiff has failed to allege how (if at all), his business or property was injured by Defendants' violation of the RICO Statute.

5.      Count 2 (Deceptive Acts and Practices in Business in Violation of New York General Business Law § 349(a)) fails to state a claim because Plaintiff fails to allege that Defendants

Hon. Hector Gonzalez, U.S. District Judge
July 7, 2022
Page 3

engaged in any specific "acts or practices that are consumer oriented" (i.e., that Defendants' conduct had a broad impact on consumers at large). Plaintiff's vague and conclusory allegation that Defendants published "defamatory falsehoods about Plaintiff," which fails to identify the substance of any statements or how they were "misleading" is insufficient to state a violation. Count 2 also fails because it does not allege that any deceptive acts occurred in New York.

6. Count 3 (Tortious Interference) fails to state a claim because Plaintiff fails to identify any particular, existing relationship through which Plaintiff would have done business but for Defendants' allegedly tortious behavior. While Plaintiff vaguely alleges that Defendants interfered with Plaintiff's relationship with CargoSprint and that he suffered damages including "loss of clients," Plaintiff fails to allege how (if at all) his relationship with CargoSprint was injured or identify any specific clients that he lost. This is fatal to Plaintiff's claim.

7. Count 4 (Intentional Infliction of Emotional Distress) fails to state a claim because Plaintiff fails to allege any "extreme or outrageous conduct" sufficient to state a claim for intentional infliction of emotional distress.

8. Count 5 (Injurious Falsehood) fails to state a claim because Plaintiff does not identify the substance of any non-privileged false statements published by Defendants but instead impermissibly relies upon unsupported conclusory allegations. *See* Compl. at ¶¶ 30, 56. Count 5 also fails as a matter of law because Plaintiff fails to allege that he suffered any special damages or to plead special damages with the heightened particularity required by Fed. R. Civ. P. 9(g).

9. Count 6 (Prima Facie Tort) fails as a matter of law because Plaintiff does not allege any facts establishing how (if at all) Defendants intentionally inflicted harm on him. To the extent Plaintiff premises his claim on Defendants' filing of the Florida Litigation, the claim fails because the institution of a civil action (even if malicious) cannot be the basis for a prima facie tort claim. And here again, Plaintiff's allegations fail to satisfy Fed. R. Civ. P. 9(g).

10. Count 7 purports to allege against all Defendants a claim for violation of New York Judiciary Law § 487 ("Section 487"). That law applies only to attorneys. Neither Del Riego nor PayCargo is an attorney. Although Weber is an attorney, completely absent from the Complaint is any allegation that Plaintiff is suing him in that capacity. Therefore, Count 7 fails as matter of law. The claim also fails because Plaintiff does not allege any facts to support his conclusory allegation that "Defendants are guilty or collusion with the intent to deceive" the S.D. Fl. Moreover, Plaintiff has not alleged a "chronic and extreme pattern of legal delinquency" necessary to state a claim for violation of Section 487. To the extent Plaintiff premises Count 7 on his factually unsupported contention that PayCargo's allegations in the Florida Litigation were false or otherwise unfounded, the claim fails as a matter of law because assertions of unfounded allegations in a pleading, even if made for improper purposes, are insufficient to provide a basis for liability under Section 487. Finally, the claim cannot survive due to Plaintiff's failure to plead allegations regarding Defendants' intent to deceive Plaintiff with the particularity required by Fed. R. Civ. P. 9(b).

We look forward to discussing these matters with the Court during an upcoming pre-motion conference. Thank you for your attention and consideration of this matter.

Hon. Hector Gonzalez, U.S. District Judge
July 7, 2022
Page 4

Respectfully submitted,

Joseph J. Mamounas

cc: Plaintiff, Pasha Probiv
All Counsel of Record