UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PASHA PROBIV,

            Plaintiff,

            v.

PAYCARGO LLC, EDUARDO DEL RIEGO, XANDER LAW GROUP, and JASON WEBER,

            Defendants.

**MEMORANDUM & ORDER**
22-CV-02907 (HG) (JRC)

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff commenced this case in May 2022 by filing a complaint asserting a civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), along with various state law claims. ECF No. 1. Defendants have moved to dismiss that complaint for failure to state a claim, for lack of personal jurisdiction, and for improper venue. ECF Nos. 21 & 26. Alternatively, Defendants have asked the Court to transfer this case to the U.S. District Court for the Southern District of Florida. *Id.* In opposition to those motions, Plaintiff received the Court's permission to file a proposed amended complaint that addresses the alleged deficiencies in his original complaint. *See* ECF No. 32. Plaintiff's proposed amended complaint withdraws his RICO claim, along with other claims, thereby leaving only state law claims. *See* ECF No. 34-1. As further set forth below, the Court permits Plaintiff to withdraw his RICO claim and dismisses it without prejudice. The Court also dismisses Plaintiff's state law claims without prejudice because diversity jurisdiction does not exist between Plaintiff and Defendants, and the Court declines to exercise supplemental jurisdiction over those claims.

## PROCEDURAL HISTORY

Plaintiff, who is representing himself *pro se*, alleges that he worked for Defendants' Florida-based business, PayCargo LLC ("PayCargo"), first as a technology consultant and later as its Chief Technology Officer.  ECF No. 1 ¶¶ 12–13.  PayCargo "provides electronic payment system[s] for the global shipping industry."  *Id.* ¶ 2.  Plaintiff's claims arise from his departure from PayCargo and Defendants' alleged attempts to interfere with his ability to work for a competitor.  *Id.* ¶¶ 14–15.  Defendants' attempted interference included filing a lawsuit in the U.S. District Court for the Southern District of Florida, which Plaintiff claims was based on fabricated allegations that he stole PayCargo's trade secrets.  *Id.* ¶¶ 16–21.  Plaintiff has named as Defendants PayCargo, its Chief Executive Officer, its Chief Legal Officer, and a law firm named Xander Law Group, which is allegedly "own[ed] and operate[d]" by PayCargo's Chief Legal Officer.  *Id.* ¶¶ 2–8.

Plaintiff alleges that Defendants' actions rise to the level of a RICO violation because Defendants used a private investigator to deliver a draft complaint and demand letter to his home, which warned that both Plaintiff and his wife would be named as defendants, and threatened to file the lawsuit if Plaintiff met with Defendants' competitor.  *Id.* ¶¶ 34–35.  Defendants ultimately never named Plaintiff's wife as a defendant in their lawsuit in the Southern District of Florida, and Plaintiff alleges that Defendants never had a legitimate basis to represent that they might sue her.  *Id.* ¶¶ 18, 34–35.  Plaintiff refers to Defendants' actions as "extortion."  *Id.* ¶ 33.

Plaintiff's complaint asserts several state law claims in addition to his RICO claim: tortious interference; intentional infliction of emotional distress; prima facie tort; "injurious falsehood"; and "deceptive acts and practices in business."  *Id.* ¶¶ 36–61.  Since Plaintiff has

2

sued a law firm and the Chief Legal Officer of Defendants' business, Plaintiff also asserts a claim under Section 487 of New York's Judiciary Law, which imposes civil and misdemeanor liability for certain types of deceptive acts by attorneys. *Id.* ¶¶ 62–67; *see* N.Y. Jud. Law § 487.

Defendants moved to dismiss Plaintiff's complaint, arguing that his claims fail on the merits, that the Court cannot exercise personal jurisdiction over them, and that venue in this District is improper. ECF Nos. 21 & 26. As an alternative to dismissal, Defendants ask the Court to transfer the case to the Southern District of Florida. *Id.* Plaintiff requested permission to amend his complaint in opposition to Defendants' motion. ECF No. 32. The Court directed him to file a proposed amended complaint and to explain in his opposition how the proposed amendments would remedy the deficiencies asserted in Defendants' motion to dismiss. ECF Order dated Oct. 5, 2022. Plaintiff's proposed amended complaint withdrew his RICO claim, along with his claims for intentional infliction of emotional distress and "deceptive acts and practices in business." ECF No. 34-2 at 9–11. He also withdrew all of his claims against Xander Law Group, along with his claim under N.Y. Judiciary Law § 487. *Id.* at 2, 16–17. He added a claim for malicious prosecution. *Id.* at 8–9. Plaintiff's opposition brief characterizes his withdrawal of these claims as "without prejudice." ECF No. 34 at 2.

Since Plaintiff's proposed amended complaint includes only state law claims, the Court ordered Defendants, other than Xander Law Group, to provide disclosure statements specifying their states of citizenship, pursuant to Rule 7.1(a)(2). ECF Order dated Dec. 19, 2022. PayCargo filed a disclosure statement indicating that one of its members is an individual who is domiciled in New York, which thereby makes PayCargo a citizen of New York. ECF No. 39. PayCargo's Chief Executive Officer and Chief Legal Officer filed disclosure statements confirming the

3

allegations in Plaintiff's complaint that they are domiciled in Florida and therefore citizens of Florida. *Compare* ECF Nos. 40 & 41, *with* ECF No. 1 ¶¶ 2, 5.

Plaintiff alleges in both his current complaint and his proposed amended complaint that he is a citizen of New York. ECF No. 1 ¶ 1; ECF No. 34-1 ¶ 1. However, since Plaintiff's complaint also alleges that he was living in Connecticut in 2020, when Defendants allegedly delivered their draft complaint and demand letter to his home, the Court ordered Plaintiff to provide additional information to corroborate his allegation of New York citizenship. ECF No. 38. Plaintiff filed a declaration, made under penalty of perjury, providing the information that the Court requested. ECF No. 42.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction and must independently verify the existence of subject-matter jurisdiction before proceeding to the merits." *Singh v. U.S. Citizenship & Immigr. Servs.*, 878 F.3d 441, 445 (2d Cir. 2017). Therefore, the Court "may *sua sponte* delve into the issue of whether there is a factual basis to support subject-matter jurisdiction." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 615 (2d Cir. 2019) (internal quotation marks omitted). Plaintiff, as the party invoking the Court's jurisdiction, has the burden of "prov[ing] jurisdiction by a preponderance of evidence." *Id.* (internal quotation marks omitted).

The Court has "*considerable latitude* in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction" and "may refer to evidence outside the pleadings" when doing so. *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022) (internal quotation marks omitted) (emphasis in original). When a court solicits information outside the pleadings related to subject matter jurisdiction, it may decide not to consider that evidence—and to rely

4

solely on the allegations in the complaint—so long as the "extrinsic evidence . . . does not controvert the material allegations of the complaint." *Id.*

Since Plaintiff is representing himself *pro se*, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Typically, "a *pro se* complaint should not be dismissed without granting leave to amend at least once" whenever the Court "cannot rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Elder v. McCarthy*, 967 F.3d 113, 132 (2d Cir. 2020) (emphasis added) (internal quotation marks omitted).

## DISCUSSION

As further set forth below, Plaintiff's RICO claim is sufficient to provide the Court with federal jurisdiction over his complaint, even though the Court is dismissing that claim in response to Plaintiff's stated intent to withdraw it. However, the Court lacks diversity jurisdiction over Plaintiff's remaining claims because both Plaintiff and Defendant PayCargo are citizens of New York, and the Court declines to exercise supplemental jurisdiction over those claims. The Court therefore dismisses Plaintiff's complaint without prejudice to Plaintiff refiling his claims in an appropriate court.

I. **The Court Dismisses Plaintiff's RICO Claim Without Prejudice.**

The Court dismisses Plaintiff's RICO claim because he has expressly withdrawn it through his opposition brief and proposed amended complaint. *See Fitzgerald v. Williams &*

5

*Fudge, Inc.*, No. 17-cv-7074, 2020 WL 2522118, at *2 (E.D.N.Y. May 18, 2020) (dismissing plaintiff's claims without considering their merits under such circumstances). However, the dismissal of the RICO claim does not deprive the Court of federal question jurisdiction under 28 U.S.C. § 1331. A court must exercise federal question jurisdiction over a complaint that asserts federal claims unless they are "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous." *Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 126 (2d Cir. 2016) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006)); *see also A&B Alt. Mktg. Inc. v. Int'l Quality Fruit Inc.*, 35 F.4th 913, 915 n.2 (2d Cir. 2022) (reiterating same standard). Even if the Court had been inclined to dismiss Plaintiff's RICO claim on the merits—in the absence of Plaintiff's withdrawal—the Court declines to find that the RICO claim was so defective as to deprive the Court of jurisdiction. *See Stewart v. Loring Ests. LLC*, No. 18-cv-2283, 2020 WL 3002363, at *7–8 (E.D.N.Y. Feb. 26, 2020) (report and recommendation), *adopted in full*, 2020 WL 1231783 (E.D.N.Y. Mar. 13, 2020) (holding that federal question jurisdiction existed despite dismissing RICO claims for failure to state a claim).

Plaintiff characterizes his withdrawal of his RICO claim as "without prejudice," and the Court agrees with that characterization. *See* ECF No. 34 at 2. When a plaintiff requests to withdraw a claim without prejudice, courts consider the following factors, known as the *Zagano* factors: "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Doe v. Grindr, LLC*, No. 21-cv-4589, 2022 WL 3139101, at *3 (E.D.N.Y. Aug. 5, 2022) (citing *Zagano v. Fordham Univ.*, 900 F.2d 12 (2d Cir. 1990)). After considering these factors, another court in this District recently

6

allowed a plaintiff to dismiss without prejudice his RICO and other claims in response to the defendants' motion to dismiss. *Id.* at *4; *see also Hoffmann v. Major Model Mgmt., Inc.*, No. 20-cv-6941, 2022 WL 992795, at *2, *5 (S.D.N.Y. Mar. 31, 2022) (dismissing "without prejudice" breach of contract claim withdrawn in plaintiff's opposition to motion to dismiss).

The Court agrees with the analysis in *Doe* that the five *Zagano* factors collectively favor dismissal of Plaintiff's RICO claim without prejudice. *Doe*, 2022 WL 3139101, at *5–7.[1] As in *Doe*, the case has not progressed past the motion to dismiss stage because Plaintiff diligently withdrew his RICO claim promptly upon reviewing Defendants' motion. *See id.* at *5–6. There is no evidence that Plaintiff brought his RICO claim based on ill motives or for the purpose of harassing Defendants. *See id.* at *6. Instead, Plaintiff's opposition brief reflects that he initially believed his RICO claim to be valid and is withdrawing it now based on his "evolving understanding of the federal law." ECF No. 34 at 2. Even if Plaintiff attempts to assert his RICO claim in another lawsuit, Defendants will not suffer significant duplication of their efforts because they have already researched and prepared a motion to dismiss that claim. *See Doe*, 2022 WL 3139101, at *6. Furthermore, "'the mere prospect of a second lawsuit' is not sufficient to establish 'plain legal prejudice.'" *Id.* at *4 (quoting *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006)).

---

[1] The Court undertakes this analysis of whether Plaintiff may withdraw his RICO claim without prejudice because of the uncertainty about whether Rule 41(a)(1) permits him to do so unilaterally without the Court's approval since that Rule authorizes a plaintiff to dismiss "an action" rather than to dismiss individual claims. *See* Fed. R. Civ. P. 41(a)(1). *See also Alix v. McKinsey & Co., Inc.*, 470 F. Supp. 3d 310, 315 (S.D.N.Y. 2020) (explaining that "courts are divided" on this issue), *vacated on other grounds*, 23 F.4th 196, 202–03 (2d Cir. 2022) (not addressing whether a plaintiff may use Rule 41 to dismiss unilaterally some but not all of his remaining claims); *Mohamad v. Rajoub*, 767 F. App'x 91, 92 (2d Cir. 2019) (declining to consider the issue because plaintiffs had "forfeited" the argument); *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 957–59 (11th Cir. 2018) (holding that a plaintiff may not use a notice or stipulation of voluntary dismissal under Rule 41 to dismiss individual claims).

7

## II.      The Court Lacks Diversity Jurisdiction Over Plaintiff's State Law Claims.

Diversity jurisdiction does not exist with respect to Plaintiff's remaining state law claims, so the Court has no independent jurisdictional basis to consider them under 28 U.S.C. § 1332. Plaintiff alleges—in both his original complaint and his proposed amended complaint—that he is a citizen of New York. ECF No. 1 ¶ 1; ECF No. 34-1 ¶ 1. Although he alleges that PayCargo is a limited liability company organized under Delaware law and headquartered in Florida, *see* ECF No. 34-1 ¶ 2, a limited liability company's citizenship for purposes of diversity jurisdiction is determined by its members. *Platinum-Montaur*, 943 F.3d at 615. Specifically, a limited liability company "takes the citizenship of all of its members." *Id.* As described above, PayCargo has shown that one of its members is an individual domiciled in New York, thereby making PayCargo itself a citizen of New York and destroying complete diversity. *See Vilayvanh v. E. 111th St. Props., LLC*, No. 20-cv-7226, 2020 WL 6364871, at *4–5 (S.D.N.Y. Oct. 29, 2020) (remanding case removed from state court because plaintiff and a member of a defendant limited liability company were both citizens of the same state).

Although Plaintiff's complaint mentions that he lived in Connecticut in 2020, during the events giving rise to this litigation, *see* ECF No. 1 ¶ 17, the declaration that Plaintiff submitted in response to the Court's order to show cause confirms that he is a citizen of New York, *see* ECF No. 42. Plaintiff commenced this lawsuit on May 18, 2022, so his state of citizenship as of that date determines whether diversity jurisdiction exists. ECF No. 1; *see Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019) ("For purposes of diversity jurisdiction, the relevant domicile is the parties' domicile at the time the complaint was filed."). The Second Circuit has defined Plaintiff's domicile, which controls his citizenship for purposes of diversity jurisdiction, as "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk*, 935 F.3d at 53.

8

The details provided in Plaintiff's declaration corroborate his allegation that he is a citizen of New York, such that both the complaint and the extrinsic evidence submitted by Plaintiff demonstrate a lack of diversity jurisdiction. Plaintiff's declaration confirms that he spent zero days in Connecticut in 2021 or 2022. ECF No. 42 ¶ 2. During those years, he primarily split his time between New York, where he rents property, and Alabama, where his wife owns property. *Id.* ¶¶ 2–4. Plaintiff intends to pay income taxes in both New York and Alabama for income that he earned in 2022, and he had an active New York State driver's license at the time he filed this lawsuit. *Id.* ¶¶ 8–9. Plaintiff's complaint also alleges that he operates his consulting business from New York. ECF No. 1 ¶ 1. Accordingly, since Plaintiff and PayCargo are both citizens of New York, the Court cannot exercise diversity jurisdiction over Plaintiff's state law claims. *See Vilayvanh*, 2020 WL 6364871, at *4–5.

### III.  The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims.

The last remaining question is whether the Court should exercise supplemental jurisdiction over Plaintiff's state law claims, for which diversity jurisdiction is lacking, because of the Court's federal question jurisdiction over Plaintiff's now-dismissed RICO claim. When a court has original jurisdiction—such as federal question jurisdiction—over one claim in a lawsuit, it may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the Court "may decline to exercise supplemental jurisdiction" under various different circumstances, including when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

9

District courts may use their discretion in deciding whether to exercise supplemental jurisdiction over state law claims after dismissing a plaintiff's only federal claims, so long as the federal claims were not dismissed for lack of subject matter jurisdiction, which Plaintiff's RICO claim was not.  *See Cangemi v. United States*, 13 F.4th 115, 133–34 (2d Cir. 2021).  Both the Supreme Court and the Second Circuit have instructed that "the elimination of federal-law claims prior to trial generally points to declining to exercise supplemental jurisdiction," but they have cautioned "that this principle 'does not establish a mandatory rule to be applied inflexibly in all cases.'"  *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 86 (2d Cir. 2018) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)) (vacating decision by district court that declined to exercise supplemental jurisdiction one week before trial).

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  Since this case has progressed only to the motion to dismiss stage without the parties conducting any discovery, applying the normal presumption against supplemental jurisdiction is appropriate.  *See Onibokun v. Chandler*, 749 F. App'x 65, 67 (2d Cir. 2019) ("find[ing] no abuse of discretion" in declining supplemental jurisdiction at motion to dismiss stage); *Badwal v. Badwal*, 756 F. App'x 101, 103 (2d Cir. 2019) (finding no abuse of discretion at motion to dismiss stage in case involving *pro se* plaintiff).  Both the Second Circuit and other courts in this District have similarly declined to exercise supplemental jurisdiction over a plaintiff's state law claims after dismissing RICO claims at the pleadings stage.  *See Entretelas Americanas S.A. v. Soler*, 840 F. App'x 601, 604–05 (2d Cir. 2020); *Stewart*, 2020 WL 1231783, at *2; *Doe*, 2022 WL 3139101, at *7.  The Court finds that it is particularly appropriate to decline supplemental jurisdiction in this case because Defendants' challenges to personal jurisdiction and venue—which the Court

10

would be forced to address if it were to exercise subject matter jurisdiction—suggest that this case could be litigated more efficiently in another court where such challenges would not apply.

## CONCLUSION

For the reasons set forth above, the Court dismisses Plaintiff's RICO claim without prejudice in response to Plaintiff's request to withdraw that claim, and the Court dismisses the remainder of Plaintiff's complaint without prejudice because the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  The Court therefore denies as moot Defendants' motions to dismiss for lack of personal jurisdiction, for improper venue, and for failure to state a claim.  *See* ECF Nos. 21 & 26.  The Clerk of Court is respectfully directed to enter judgment and to close this case.

In light of the dismissal of Plaintiff's claims, Defendant PayCargo need not respond to the Court's prior order to provide information about its additional members and their states of citizenship.  *See* ECF No. 38.

Since the Court's dismissal is without prejudice, the Court's decision does not adjudicate the merits of Plaintiff's claims, and Plaintiff may refile his claims in another court in which jurisdiction is proper.

SO ORDERED.

                                              */s/ Hector Gonzalez*
                                              HECTOR GONZALEZ
                                              United States District Judge

Dated: Brooklyn, New York
       January 11, 2023